## Richmond

JAMES H. THOMAS v. STATE HIGHWAY COMMISSIONER OF VIRGINIA.

June 11, 1962.

Record No. 5412.

Present, All the Justices.

*William E. Fears* and *William King Mapp*, for the plaintiff in error.

*M. Ray Johnston, Assistant Attorney General (Frederick T. Gray, Attorney General; W. P. Bagwell, Jr., Assistant Attorney General,* on brief), for the defendant in error.

CARRICO, J., delivered the opinion of the court.

James H. Thomas, the petitioner, filed a "Petition in Condemnation Proceedings" against the State Highway Commissioner of Virginia, the respondent. The petition stated that it was filed in accordance with the provisions of Code, § 33-75 and alleged that the respondent had unlawfully entered upon and taken possession of the petitioner's land without filing condemnation proceedings, obtaining an agreement or making a bona fide offer of purchase therefor. There was a

prayer for the appointment of commissioners to determine the just compensation for the land taken and the damages done to the residue of petitioner's land.

The respondent filed grounds of defense denying that petitioner's land was unlawfully in respondent's possession and alleging that petitioner had agreed in writing to convey the land to the Commonwealth. The alleged agreement is printed in the appendix to respondent's brief.

Respondent also filed a demurrer and a motion to dismiss, each based upon the ground that the court was without jurisdiction to entertain the petition because it was not alleged that a certificate of deposit had been recorded or a cash deposit made with the clerk.

The court sustained the motion to dismiss and, over the objections of the petitioner, entered an order dismissing the petition. From this ruling we granted an appeal which presents the sole question of the applicability of Code, § 33-75.

The disposition of the issue before us requires an examination and analysis of the statutes relating to highway condemnation proceedings.

Section 33-57 of the Code vests in the State Highway Commissioner the power to condemn property for the construction, reconstruction, alteration, maintenance and repair of public highways. Sections 33-59 to 33-67.2, inclusive, prescribe the procedure for the institution, conduct and disposition of condemnation proceedings, prior to the entry upon land by the Highway Commissioner, in situations where it is contemplated that such proceedings will be concluded before the highway construction is commenced.

Sections 33-70.1 to 33-70.11, inclusive, prescribe the procedure by which the Commissioner may exercise authority to acquire title to and enter upon and take possession of property and proceed with public highway construction, whether the condemnation proceedings therefor are instituted before, during or after the construction of the highway. This authority may be exercised if, prior to entering upon the land, the Commissioner pays into court, or to the clerk thereof, a sum estimated by the Commissioner to be the fair value of the property taken and damage done or, in lieu thereof, files with the court a certificate stating that the sum or sums designated therein will be paid pursuant to the order of the court.

Section 33-75, which is at issue before us, provides for the filing, under certain circumstances, by the landowner of a petition seeking the appointment of commissioners to determine the value of land

taken and damage done in connection with highway projects. The pertinent portion of the section reads as follows:

"§ 33-75. Remedy of landowners under certain conditions.—Whenever the Commissioner enters upon and takes possession of property under the provisions of §§ 33-70 and 33-74 and has not completed the construction of the highway project after a reasonable time for such purpose has elapsed or has not instituted condemnation proceedings within sixty days after completion of the construction of the highway project, or within one year after he has entered upon and taken possession of the property, whether the construction of the highway project has been completed or not, the property owner may, if no agreement has been made with the Commissioner as to compensation and damage, if any, petition the circuit court of the county in which the greater portion of the property lies, or the judge thereof in vacation, for the appointment of commissioners to determine just compensation for the property taken and damages done, if any....."

It is the respondent's position that § 33-75 affords a remedy to the landowner only where the Commissioner has proceeded under § 33-70 (now §§ 33-70.1 and 33-70.2) and § 33-74 (now § 33-70.3) and has paid into court the estimated value of the taking or has filed a certificate in lieu of such payment, prior to entering upon the land. The respondent contends that since the petition did not allege such payment or filing of a certificate the trial court was without jurisdiction to entertain the petition.

We agree with this contention. In enacting § 33-75 the legislature has provided a landowner with a statutory remedy to proceed against the Commissioner, but that remedy is subject to certain conditions which are clearly defined in the statute. Unless the existence of those conditions is specifically alleged in the petition and is clearly made to appear, the remedy is not then available to the landowner.

The primary condition imposed by the statute is clearly expressed in its opening words, "Whenever the Commissioner enters upon and takes possession of property under the provisions of §§ 33-70 and 33-74 . . ." In this plain language the legislature has said that the remedy given by § 33-75 is available to the landowner if, and only if, the Commissioner has paid into court the estimated value of the taking or has filed a certificate in lieu thereof before entering upon the land.

In the case before us, the petition did not allege that the respondent had entered upon and had taken possession of the land under the provisions of § 33-70 (now §§ 33-70.1 and 33-70.2) and § 33-74 (now § 33-70.3), nor did it allege that he had paid into court the estimated

value of the taking or had filed a certificate in lieu thereof. No claim is made in petitioner's brief, nor was any made in argument before us, that such course was followed by the Commissioner.

To the contrary, the allegations of the petition negated such procedure on the part of the Commissioner. The petition alleged that the respondent had "unlawfully entered upon and taken possession of the land." The petition said, in effect, that the Commissioner had not proceeded under §§ 33-70.1, 33-70.2 and 33-70.3. If the Commissioner had entered upon and had taken possession of the land under the provisions of those sections, his actions in doing so would have been lawful.

We hold that the failure of the petition to allege that the Commissioner had paid into the court the estimated value of the taking or had filed a certificate in lieu thereof rendered the petition fatally defective.

The action of the trial court in dismissing the petition was, therefore, proper and its judgment will be

*Affirmed.*